**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GABRIELLA LONGORIA,** | § § § | |
| **Plaintiff,** | § | **CIVIL NO.  4:25-CV-03265** |
| | § | |
| **v.** | § § | |
| | § | |
| **THE UNITED STATES OF AMERICA** | § | |
| | § | |
| **Defendant.** | § § | |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**
**PURSUANT TO 12(b)(1) AND 12(h)(3)**

The United States of America moves to dismiss Plaintiff's case for failing to exhaust her administrative remedies pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

**NATURE AND STAGE OF THE PROCEEDING**

On July 14, 2025, Plaintiff filed the instant Complaint in the Southern District of Texas. Dkt. 1. The Complaint alleges that on July 12, 2023, the Plaintiff was injured as a result of a motor vehicle accident involving an employee of the United States Postal Service ("USPS"). Dkt. 1. Negligence claims arising out of the conduct of federal employees acting within the scope of their employment are properly brought in the District Court. 28 U.S.C. § 2672; *Levin v. United States*, 568 U.S. 503 (2013) (citing 28 U.S.C. § 1346(b)(1)).  However, suit may only be filed in the District Court once a Plaintiff has exhausted her administrative remedies. 28 U.S.C. § 2675(a).

## STATEMENT OF ISSUES

1. Whether Plaintiff failed to exhaust her administrative remedies when she filed the instant lawsuit *one month* after presenting the agency with an administrative claim and before receiving a denial.

## STATEMENT OF FACTS

On July 12, 2023, Plaintiff was involved in a motor vehicle accident involving an employee of the USPS. Dkt. 1. Plaintiff did not submit an administrative claim to the United States Postal Service until June 16, 2025. SF-95, attached as Exhibit 1.

Because Plaintiff failed to obtain a written denial from the agency or wait six months after the claim was presented to the agency, Plaintiff has failed to exhaust her administrative remedies and this Court lacks subject matter jurisdiction over the claims alleged. *Tovar v. United States*, No. 2:24-CV-00167, 2025 LX 440360, at *7 (S.D. Tex. June 13, 2025); see also, 28 U.S.C. § 2675(a).

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Because federal courts are courts of limited jurisdiction, it is incumbent that the courts dismiss an action "whenever it appears that jurisdiction may be lacking." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

2

supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim if the court lacks subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 (1994); *Owen Equip. & Rection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court presumably lacks jurisdiction in a particular case unless the contrary affirmatively appears. *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 n.8 (5th Cir. 2008) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party invoking federal jurisdiction bears the burden of proving its existence. *Steel Co. v. Citizens for a Better Env'*, 523 U.S. 83, 103-04 (1998); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness attaches to a plaintiff's allegations. *Id.*

Motions to dismiss for lack of subject-matter jurisdiction can attack a complaint on its face or on its facts. *Id.* A facial attack challenges the sufficiency of the complaint and requires the district court to accept the allegations in the complaint as true. *Id.* A factual attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* In a factual attack, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1). *Id.*; *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157-58 (5th Cir. 1981) (unlike a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a motion to dismiss for lack of subject-matter jurisdiction may consider materials outside of the pleadings without it converting into a motion for summary judgment). Also, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have jurisdiction." *Id.*

**II.    Federal Rule of Civil Procedure 12(h)(3)**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added). *Jackson v. United States*, No. H-22-1767, 2025 LX 223064, at *4 (S.D. Tex. 2025) (stating that the district court has a duty to examine the threshold question of whether it has subject matter jurisdiction as part of its screening obligation).

## ARGUMENT

As a jurisdictional prerequisite to bringing a lawsuit under the FTCA, a plaintiff is required to first exhaust her administrative remedies by presenting her claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *see also, Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). The FTCA also provides that individuals are barred from bringing suit in federal court unless they have filed an administrative claim with the appropriate federal agency, and either obtained a written denial or waited six months after the claim is presented to the federal agency in question, whichever comes first. *See* 28 U.S.C. § 2675(a). The FTCA's exhaustion of administrative remedies requirement is a jurisdictional prerequisite to filing suit. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (affirming a district court's judgment that "exhaustion [of administrative remedies is] a jurisdictional prerequisite for FTCA claims that cannot be waived").

The law in the Fifth Circuit is clear – "jurisdiction must exist at the time the complaint is filed". *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). "There is no wiggle room. A plaintiff cannot commence a lawsuit under the FTCA 'unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months.'" *Brown v.*

4

*United States*, 2023 U.S. Dist. LEXIS 194807, at *5 (S.D. Tex. Oct. 21, 2023) (Edison, M.J.), *adopted, Brown v. United States*, 2023 U.S. Dist. LEXIS 217738 (S.D. Tex., Dec. 7, 2023) (Brown, J.) (quoting *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995)). "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54.

In the instant case, Plaintiff has not obtained a denial from the agency nor has she waited six months since presenting her claim to the agency. Exhibit 1. Therefore, she has not exhausted her administrative remedies under the FTCA. 28 U.S.C. § 2675(a). Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claims and an Order of dismissal should issue.

## CONCLUSION

The Court should grant the United States of America's motion to dismiss pursuant to 12(b)(1) and 12(h), and Plaintiff's claims should be dismissed.

NICHOLAS J. GANJEI
United States Attorney

By: */s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney
Southern District No. 3825236
Texas Bar No. 24122806
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9962
Fax: (713) 718-3303
E-mail: Christina.Cullom@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on  November 26, 2025, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

/s/ *Christina Cullom*
Christina Cullom
Assistant United States Attorney

6